UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-60679-Dimitrouleas/Snow

JAMES DANIEL SWARTHOUT,
DANIEL THOMAS WILLIAMS,

    Plaintiffs,

v.

ACCURATE LAND SURVEYORS, INC.,
ROBERT L. THOMPSON,
CHRISTOPHER CARVELL,

    Defendants.
_____/

**MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT,
DISMISSAL WITH PREJUDICE, AND
<u>RESERVING JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT</u>**

Pursuant to Plaintiffs' Notice of Settlement [DE 14] and the Court's Order to Show Cause [DE 15], Plaintiffs respectfully submit the parties' settlement agreement as **<u>Exhibit A</u>** for the Court's review and approval, seeks the Court's dismissal of this case with prejudice, and requests that the Court reserve jurisdiction to enforce the terms of the settlement agreement, and in support thereof, states the following:

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See* <u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also* <u>Sneed v. Sneed's Shipbuilding, Inc.</u>, 545 F.2d 537, 539 (5th Cir. 1977).

In order to avoid the costs and uncertainty of litigation, the parties have negotiated a settlement in this matter. Counsel have engaged in extensive settlement negotiations and informal discovery. There exists uncertainty as to the number of hours Plaintiffs actually worked and the compensation Plaintiffs received. As such, the parties' settlement agreement represents a fair and reasonable compromise of a disputed claim.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement, (2) dismissing this action with prejudice, and (3) reserving jurisdiction to enforce the terms of the agreement.

Dated:  June 24, 2016

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:     (786) 358-6071
Email: ekoz@kozlawfirm.com

*/s/ Elliot A. Kozolchyk*

Elliot Kozolchyk, Esquire
Bar No.: 74791

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on July 8, 2016 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

                                                    Elliot Kozolchyk, Esquire

## SERVICE LIST

Lori Adelson, Esq.
Adelson Law Firm
*Counsel for Defendants*
500 E. Broward Boulevard, Suite 1700
Fort Lauderdale, FL 33394
Tel: (954) 453-5325
Fax: (954) 369-1412
Email: ladelson@adelsonlawmediation.com